IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

TEDI THOMAS WILLIAMS,            )
                                 )
        Plaintiff,               )
                                 )
v.                               )      CIVIL ACTION NO. 1:10cv34-WHA-SRW
                                 )                      (WO)
GWINETT WILLIAMS, et al.,        )
                                 )
        Defendants.              )

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion to Dismiss Plaintiff's Amended Complaint

(Doc. # 16) filed by Defendants Gwinett Williams, Eva Love, Richard Moss, and "Deputy Lynn"

(collectively "Defendants") on January 26, 2010.[1]

Plaintiff Tedi Williams ("Plaintiff") filed her original Complaint in the Circuit Court of

Coffee County Alabama on December 11, 2009. Defendants removed the case to federal court,

and filed a motion to dismiss on January 12, 2010 (Doc. # 3, 4). Plaintiff subsequently filed an

Amended Complaint on January 19, 2010 alleging that Defendants, in their individual capacities,

violated the Fourth and Fourteenth Amendments to the United States Constitution by holding her

in confinement after a state court judge dismissed her criminal charges (Doc. # 11). Defendants

then filed this Motion to Dismiss the Amended Complaint. For reasons to be discussed, the

Motion to Dismiss is due to be GRANTED, with leave to amend.

---

[1] The Motion to Dismiss (Doc. #3), which was filed on January 12, 2010, before the filing
of the Amended Complaint, is due to be DENIED as moot.

## II.  <u>MOTION TO DISMISS STANDARD</u>

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal,* _ U.S. _,  129 S.Ct. 1937, 1949-50 (2009).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *Id.*  (citation omitted).   To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.   The factual allegations  "must be enough to raise a right to relief above the speculative level."  *Id.* at 555.

The Eleventh Circuit, moreover, "imposes a heightened pleading requirement in section 1983 claims against individuals and plaintiffs cannot rely on 'vague or conclusory' allegations." *Epps v. Watson*, 492 F.3d 1240, 1242 (11th Cir. 2007); *see also GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly

established right.").[2]  In such cases, the complaint must allege the relevant facts "with sufficient specificity."  *Fullman v. Graddick*, 739 F.2d 553, 560 (11th Cir. 1984).

### III.  <u>FACTS</u>

The allegations of Plaintiff's Amended Complaint are as follows:

Plaintiff was incarcerated at the Coffee County Jail on a felony charge on December 11, 2007.  On that day, a state court judge issued a written *nolle prosequi* order that entitled Plaintiff to be released from jail.  Despite this order, Plaintiff was held in jail until January 22, 2008, when her attorney informed the jail that she should have been released on December 11, 2007.  Plaintiff was released from jail on January 22, 2008, and was told by an unnamed jail employee that a mistake had been made and that she should have been released on December 11, 2008, the day the state court judge issued the *nolle prosequi* order.  From December 11, 2007 to January 22, 2008, Plaintiff "repeatedly reported" to the Defendants that she should have been released on December 11, 2007.  Plaintiff alleges that she was unlawfully detained and imprisoned in violation of the Fourth and Fourteenth Amendment to the United States Constitution.

### IV.  <u>DISCUSSION</u>

**A.  Fourth Amendment Claim**

Defendants argue that Plaintiff's Fourth Amendment claim must be dismissed because the Fourteenth Amendment, rather than the Fourth Amendment, governs Plaintiff's section 1983

---

[2]  In *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993), the Supreme Court ruled that heightened pleading was not to be applied in civil rights cases against municipalities, because municipalities were not entitled to immunity. The Supreme Court did not, however, address the propriety of the application of heightened pleading in civil rights cases under 42 U.S.C. § 1983 when the defendant is not a municipality.  Post-*Leatherman*, the Eleventh Circuit has continued to apply a heightened pleading standard for section 1983 claims against individuals.  *See Epps*, 492 F.3d at 1242 & n.2.

claim. The court agrees. Claims brought by pretrial detainees who remain in custody after the arrest is completed are governed by the Fourteenth Amendment Due Process Clause. *See West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007); *Cannon v. Macon County*, 1 F.3d 1558, 1562-63 (11th Cir. 1993); *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980). The allegations of Plaintiff's Amended Complaint indicate that she was a pretrial detainee being held on a felony charge when the Defendants allegedly violated her constitutional rights by unlawfully detaining her after she was entitled to be released. The Fourteenth Amendment governs this claim, and the Defendants' motion to dismiss Plaintiff's Fourth Amendment claim is due to be GRANTED.

**B. Fourteenth Amendment Claim**

Defendants argue that qualified immunity requires the dismissal of Plaintiff's Fourteenth Amendment claim.

Qualified immunity "insulates government agents from personal liability for money damages for actions taken in good faith pursuant to their discretionary authority." *Greason v. Kemp*, 891 F.2d 829, 833 (11th Cir. 1990) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal citation and quotation marks omitted). The basic premise of the doctrine is for immunity to harbor government officials from liability unless their conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818.

4

To determine whether a government agent is eligible for qualified immunity, a three-part analysis, guided by Eleventh Circuit and Supreme Court precedent, is appropriate. *See Vinyard v. Wilson*, 311 F.3d 1340, 1346-47 (11th Cir. 2002). First, the government official must show that he was engaged in a "discretionary function" when he committed the allegedly unlawful acts. *Holloman v. Harland*, 370 F.3d 1252, 1263-64 (11th Cir. 2004). If the official satisfies the discretionary function threshold, "the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee*, 284 F.3d at 1194 (citation omitted). The plaintiff must satisfy the two-prong test prescribed by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001); she must show: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the violation. 533 U.S. at 201. A right is "clearly established" if "it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Id.* at 202. The Supreme Court has recently recognized that "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

**1. Discretionary Authority**

Plaintiff argues that Defendants are not entitled to qualified immunity because they were not acting within their discretionary authority when they committed the allegedly unlawful acts. Plaintiff appears to argue that because Defendants allegedly violated a clearly established constitutional right by detaining people in jail without reason, they were not performing a discretionary function. Plaintiff's argument is unavailing.

In determining whether an officer's acts were discretionary, courts consider whether his acts were "of a type that fell within his job responsibilities." *Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). The court asks "whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Id.* at 1265-66 (citation omitted). "[T]he inquiry is not whether it was within the defendant's authority to commit the allegedly illegal act." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998) (quotation marks and citation omitted). Rather, the essence of the inquiry is whether the "act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." *Id.* at 1282.

Here, the inquiry is not whether the Defendants had the discretionary authority to illegally detain Plaintiff, but rather whether holding and releasing prisoners is reasonably related to the discretionary authority of jail administrators and jailers. Holding and releasing prisoners is within the scope of the discretionary authority of jail administrators and jailers. Accordingly, the court concludes that the Defendants' act of detaining Plaintiff was within their discretionary authority.

**2. Violation of a Constitutional Right**

Plaintiff claims that her over-detention resulted in a violation of her Fourteenth Amendment due process right to be free from continued detention after the state should have known that she was entitled to release. To establish this violation, Plaintiff must show that Defendants acted with deliberate indifference to her due process rights. *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007) (citing *Cannon v. Macon County*, 1 F.3d 1558, 1563 (11th Cir.

1993)).  Deliberate indifference is more than mere human error; Plaintiff must show that

Defendants had "(1) subjective knowledge of a risk of serious harm; [and] (2) disregard[ed] . . .

that risk; (3) by conduct that is more than mere negligence." *West*, 496 F.3d at 1327 (internal

quotation marks and citation omitted) (alteration in original).  The deliberate indifference

standard is "a difficult burden for a plaintiff to meet." *Id.* (citing *Popham v. City of Talladega*,

908 F.2d 1561, 1563 (11th Cir. 1990)).

Defendants argue the Amended Complaint should be dismissed  because it fails to allege

Defendants were subjectively aware of Plaintiff's entitlement to be released.  Defendants point

out that the Amended Complaint does not allege that a release order was ever written or that the

Defendants were given a copy of the *nolle prosequi* order prior to Plaintiff's release on January

22, 2008.  The only fact that Plaintiff provides in the Amended Complaint to establish

Defendants' subjective knowledge of her over-detention is that she "repeatedly reported to the

defendants"  that she was entitled to be released, and the Defendants did not release her despite

her protests.

The disposition of this motion to dismiss is guided by the Eleventh Circuit's decision in

*West v. Tillman*, 496 F.3d 1321 (11th Cir. 2007).  In that case, two pretrial detainees remained

incarcerated for 23 days and 58 days respectively following court orders to release them.  *Id.* at

1325-26.  The source of the delay was the jail staff's failure to properly enter the release orders

into the jail's computer system and to properly deliver "jail cards" to the docket department to

accomplish the release.  *Id.*  One of the plaintiff prisoners complained in writing to a defendant

prison worker about his alleged over-detention in the prison, although he did not offer specific

details of the communications or copies of the complaints.  *Id.* at 1328.  The Eleventh Circuit

affirmed summary judgment in favor of defendant county jail employees on the basis of qualified immunity because they were not deliberately indifferent to plaintiff prisoners' due process right to timely release, and thus did not violate the Fourteenth Amendment. In particular, the Eleventh Circuit held that the Defendants, by failing to process the release information and failing to follow up on the plaintiff prisoner's complaints, were at most negligent in failing to carry out their responsibilities. *Id.* at 1327-28.

*Tillman* thus instructs that merely receiving a plaintiff prisoner's release order and erroneously processing that order is insufficient to state a Fourteenth Amendment over-detention claim, even if the plaintiff makes general protests of the over-detention to the defendants. In light of *Tillman*, the court agrees with the Defendants that the current allegations of the Amended Complaint fail to allege Defendants acted with deliberate indifference, and thus fail to state a Fourteenth Amendment claim. The Amended Complaint does not allege the Defendants received the *nolle prosequi* order, and fails to provide any detail regarding the content, date, and frequency of Plaintiff's complaints to the various Defendants. The only allegation in the Amended Complaint regarding Defendants' subjective knowledge of Plaintiff's over-detention is that she "repeatedly reported to the defendants" that she was entitled to be released. This allegation, at most, constitutes negligence in failing to investigate Plaintiff's complaint, and is insufficient to state an over-detention claim under the Fourteenth Amendment. *See Tillman*, 496 F.3d at 1328; *Cannon*,1 F.3d at 1562 ("Arresting officers and those responsible for maintaining custody of detainees are not constitutionally required 'to investigate independently every claim of innocence. . . .'") (citing *Baker v. McCollan*, 443 U.S. 137, 146 (1979)). Thus, the Defendants'

Motion to Dismiss the Amended Complaint as to the Fourteenth Amendment claim is due to be

GRANTED.[3]

The court does conclude, however, that Plaintiff should be afforded an opportunity to

replead her Fourteenth Amendment claim. While *Tillman* teaches that deliberate indifference in

the context of an over-detention claim is a difficult standard for a plaintiff to meet, that case was

decided on a motion for summary judgment, after discovery indicated there was no genuine issue

of material fact regarding Defendants' deliberate indifference. *Tillman* also does not stand for

the proposition that a jailer may ignore all complaints made by plaintiff prisoners and always act

in a constitutionally permissible manner. To the contrary, "after the lapse of a certain amount of

time, continued detention in the face of repeated protests will deprive the accused of liberty

without due process." *Cannon*, 1 F.3d at 1562 (citing *Baker*, 443 U.S. at 145); *Douthit v. Jones*,

619 F.2d 527, 532 (11th Cir. 1980) ("Detention of a prisoner thirty days beyond the expiration of

his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of

due process."); *Goebert v. Lee County*, 510 F.3d 1312, 1328 (11th Cir. 2007) ("Choosing to

deliberately disregard, without any investigation or inquiry, everything any inmate says amounts

to willful blindness."); *Armstrong v. Squadrito*, 152 F.3d 564, 580 (7th Cir. 1998) (concluding

---

[3]  The court's granting of Defendant's motion to dismiss is based solely on the face of the
Amended Complaint. Having concluded that the facial allegations of the Amended Complaint
fail to state a violation of the Fourteenth Amendment, the court does not need to consider
Defendants' argument that a copy of the state court judge's *nolle prosequi* order and a copy of
the fax cover sheet sent to the jail by Plaintiff's attorney both "demonstrate conclusively" that
Defendants did not receive notice of Plaintiff's over-detention.
   The court also does not need to consider whether the particular right at issue is clearly
established. *See Case v. Eslinger*, 555 F.3d 1317, 1328 (11th Cir. 2009) ("Absent evidence that a
constitutional violation occurred, we need not consider whether the alleged violation was clearly
established.").

that plaintiff's "repeated and increasingly strenuous complaints should have provided the guards with sufficient knowledge to suspect improper confinement and take additional action.").

Accordingly, Plaintiff will be afforded an opportunity to replead her Fourteenth Amendment claim. Should she choose to do so, Plaintiff must allege more than mere mistakes or clerical errors but rather facts showing a willingness to ignore clear indicia of her over-detention. Furthermore, in the context of a § 1983 claim against multiple defendants, a complaint must allege facts as to each separate defendant sufficient to "state a claim to (§ 1983) relief that is plausible on its face," as to that defendant. A blanket allegation referring to "the Defendants" collectively is not sufficient. Such allegations might include details regarding the content of her complaints, how frequently they were made, to whom they were made and when, the Defendant's response, if any, to those complaints, and the presence or absence of any procedural protections afforded to prisoner complaints.

If Plaintiff chooses to file another amended complaint, the amended complaint must be complete unto itself and may not adopt by reference any prior complaint or portion thereof, nor shall it restate claims which have been dismissed with prejudice. In addition, should Plaintiff choose to file an amended complaint, she should keep in mind that she must make her allegations within the strictures of Rule 11 of the Federal Rules of Civil Procedure.

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Motion to Dismiss Plaintiff's Amended Complaint (Doc. #16)  is GRANTED as to the Fourth Amendment claim, and that claim is dismissed with prejudice.

2.  The Motion to Dismiss Plaintiff's Amended Complaint (Doc. #16) is GRANTED as to the Fourteenth Amendment claim, and that claim is dismissed without prejudice.  Plaintiff will be given until **March 19, 2010** to file an amended complaint in conformance with this Memorandum Opinion and Order.

3.  The Motion to Dismiss (Doc. #3), filed on January 12, 2010, before the filing of the Amended Complaint, is DENIED as moot.


Done this 5th day of March, 2010.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE